**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GREGORY VANCE,

       Petitioner,

v.                                           Case No. 3:14-cv-944-J-32JRK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

       Respondents.
_____

## ORDER

### I. Status

Petitioner initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) (Petition). He is proceeding on an Amended Petition (Doc. 7) (Amended Petition). He challenges a 2005 state court (Duval County, Florida) judgment of conviction for petit theft, armed kidnapping, sexual battery of a person twelve years of age or older, aggravated battery, and dealing in stolen property. He is serving life imprisonment. Respondents contend that the Petition was untimely filed, and therefore, this case must be dismissed. See Motion to Dismiss (Doc. 17) (Motion).[1] Petitioner did not file a reply, even after being directed to file one, and the time in which to do so has passed. The case is ripe for review.[2]

---

[1] The Court cites to the exhibits attached to the Motion (Doc. 17-1 to 17-3) as "Ex."

[2] "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court, and "[t]he record provide[s] no basis for further inquiry" regarding equitable tolling. Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006). Thus, an evidentiary hearing will not be conducted.

### III.  Analysis

On February 8, 2005, the state court entered judgment against Petitioner. Ex. A. Petitioner, through counsel, filed a notice of appeal. Ex. B. On May 18, 2006, the First District Court of Appeal (DCA) per curiam affirmed the judgment of conviction without entering a written opinion. Ex. C. Petitioner's judgment became final ninety days later on August 16, 2006. See Clay v. United States, 537 U.S. 522 (2003); Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion." (citing Supreme Court Rule 13.3)).[3] Therefore, the one-year period of limitations began to run on August 17, 2006, and it continued to run for 96 days until November 21, 2006, when Petitioner filed a state court habeas petition alleging ineffective assistance of appellate counsel. Ex. E. The First DCA denied the petition on the merits on January 18, 2007. Ex. F. Petitioner filed a motion for rehearing and clarification, Ex. G, which was denied on March 22, 2007, Ex. H. Petitioner's federal limitations period continued to run the following day (March 23, 2007). He had 269 days remaining in the one-year limitations period. The period expired on December 17, 2007, without the filing of a tolling motion. Indeed, Petitioner waited more than 4 months after the period expired to file another motion in state court. See Ex. I (motion to correct illegal sentence filed May 9, 2008). While

---

[3] Supreme Court Rule 13.3 states, in pertinent part: "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate."

Petitioner filed several motions after the expiration of the one-year period, such motions did not toll the time period because there was no time left to toll.[4] See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that where a state prisoner files post-conviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [the petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. State of Fla. Dep't of Corr., - - - F.3d - - -, 2017 WL 727547, at *3 (11th Cir. Feb. 24, 2017) (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)). To warrant the application of this extreme remedy, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "A habeas petitioner is not entitled to equitable tolling simply because he alleges constitutional violations at his trial or

---

[4] Respondents provide the procedural history of each motion filed after the expiration of the one-year limitations period. See Motion at 2-4.

4

sentencing." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1158 (11th Cir. 2014) (citation omitted). "The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." Id. (citation omitted); see Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) ("[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (citation omitted)).

Petitioner does not allege that he was diligently pursuing his rights or that an extraordinary circumstance stood in his way. After reviewing the file, the Court finds that he is not entitled to equitable tolling. He also has not offered any new or credible evidence to sustain an assertion of actual innocence. See Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (stating that to avoid the one-year limitations period based on actual innocence, a petitioner must "present new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence" (quotations and citations omitted)).

In his Amended Petition, under the "Timeliness of Petition" section, Petitioner cites Trevino v. Thaler, 133 S. Ct. 1911 (2013), and Martinez v. Ryan, 132 S. Ct. 1309 (2012), and apparently asserts that his one-year limitations period runs from the dates of these decisions under 28 U.S.C. § 2244(d)(1)(C). See Amended Petition at 23. The Eleventh Circuit recently explained these two decisions:

> In Martinez, the U.S. Supreme Court enunciated a narrow exception to the general rule that the lack of an attorney or attorney error in state post-conviction proceedings does not

> establish cause to excuse the procedural default of a substantive claim. 566 U.S. at 8, 13-14, 132 S.Ct. at 1315, 1318. The Supreme Court, however, set strict parameters on the application of this exception. It applies only where (1) state law requires a prisoner to raise ineffective-trial-counsel claims during an initial collateral proceeding and precludes those claims during direct appeal; (2) the prisoner failed to properly raise ineffective-trial-counsel claims during the initial collateral proceeding; (3) the prisoner either did not have counsel or his counsel was ineffective during those initial state collateral proceedings; and (4) failing to excuse the prisoner's procedural default would result in the loss of a "substantial" ineffective-trial-counsel claim. Id. at 14, 132 S. Ct. at 1318; see also Arthur v. Thomas, 739 F.3d 611, 629 (11th Cir. 2014) (setting forth the Martinez requirements). The Supreme Court later extended Martinez's rule to cases where state procedures, as a practical matter, make it "virtually impossible" to actually raise ineffective-trial-counsel claims on direct appeal. Trevino, 569 U.S. at - - - , 133 S.Ct. at 1918-21.

Lambrix v. Sec'y, Fla. Dep't of Corr., 851 F.3d 1158, 1164 (11th Cir. 2017).

"Martinez did not announce a new rule of constitutional law" and did not affect the triggering date in § 2244(d)(1)(C). Chavez v. Sec'y, Fla. Dep't of Corr., 742 F.3d 940, 945 (11th Cir. 2014); see Lambrix v. Sec'y, Fla. Dep't of Corr., 756 F.3d 1246, 1262 (11th Cir. 2014) ("The 'constitutional right' triggering event in § 2244(d)(1)(C) is also inapplicable to [the petitioner's] Martinez-based claims because Martinez did not announce a new rule of constitutional law."). It follows that Trevino, which merely extended Martinez's rule, also did not announce a new rule of constitutional law. Moreover, neither Trevino nor Martinez discusses the one-year limitations period or provides a basis for the tolling of that period. See Arthur v. Thomas, 739 F.3d 611, 630-31 (11th Cir. 2014) (recognizing that "[a]t no point in Martinez or Trevino did the Supreme Court mention the 'statute of limitations,' AEDPA's limitations period, or tolling in any way" and holding "that the reasoning of the Martinez rule

6

does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period"); see also Lambrix, 756 F.3d at 1262 (A petitioner "cannot seek equitable tolling of the limitations period based on Martinez because we have rejected the notion that anything in Martinez provides a basis for equitably tolling the filing deadline." (internal quotations and citations omitted)). Petitioner's reliance on these two cases is misplaced.

Upon review of the record, the Court finds that Petitioner has failed to show an adequate reason why the dictates of the one-year limitations period should not be imposed upon him. Therefore, this case will be dismissed with prejudice as untimely.

Accordingly, it is

**ORDERED**:

1. The Petition (Doc. 1) is **DISMISSED with prejudice** as untimely.

2. The Clerk shall enter judgment dismissing the Petition with prejudice and close the file.

3. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[5] Because this Court has determined that a certificate of appealability is not

---

[5] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), "or that the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. However, "[w]hen the district court denies a habeas petition on procedural grounds . . . a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find

warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of May, 2017.

_____
TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 4/28
c:
Gregory Vance, #874362
Counsel of Record

---

it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. After consideration of the record as a whole, the Court will deny a certificate of appealability.